**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOHN KELL FINNEY,

                Plaintiff,

    v.

HUDSON FARMS, *et al.*,

                Defendants.

Civil Action No. 23-2537 (JXN)(JSA)

**MEMORANDUM OPINION**
**AND ORDER**

**NEALS**, U.S.D.J.

Before the Court is *pro* se Plaintiff John Kell Finney's ("Plaintiff") motion to reopen this case pursuant to Federal Rule of Civil Procedure[1] 60(b). (ECF Nos. 27, 28.) The Court has carefully reviewed Plaintiff's submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **DENIED**.

I.    **BACKGROUND**[2]

Plaintiff initiated this matter *pro* se on May 9, 2023, with the filing of a Complaint (ECF No. 1) and an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). By way of brief background, Plaintiff's cause of action centers on state proceedings involving a child custody dispute. (Pl.'s Mot. ¶¶ 1, 9, ECF No. 27.) On November 30, 2023, Judge Salas granted Plaintiff IFP status; however, Plaintiff's Complaint was dismissed without prejudice pursuant to 28 U.S.C.

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] The background is drawn from Plaintiff's collective pleadings as well as the Order entered by the Honorable Esther Salas, U.S.D.J. ("Judge Salas") on November 30, 2023 ("November 30, 2023 Order") (ECF No. 7) and the Report and Recommendation ("R&R") issued by the Honorable Jessica Allen, U.S.M.J. ("Judge Allen") entered on January 6, 2025 (ECF No. 22), which this Court Adopted on February 7, 2025, dismissing Plaintiff's Complaint with prejudice. (ECF No. 26.)

§ 1915(e)(2)(B) for "fail[ure] to articulate an intelligible claim entitling him to relief." (November 30, 2023 Order ¶ 6, ECF No. 7.) Permitting leave to amend, the Court provided clear directives for Plaintiff to cure the deficiencies in the initial pleadings to prevent a dismissal with prejudice. (November 30, 2023 Order ¶ 7.)

Plaintiff thereafter submitted several untimely filings (*see* ECF Nos. 8-10 & 12), which Judge Allen construed as Plaintiff's motion to amend. (*See* July 24, 2025, ECF No. 13.) Judge Allen found that "the nature of Plaintiff's filings ma[de] it difficult to determine precisely what claims Plaintiff is attempting to pursue, against whom, and based on what conduct." (*Id*. at 3.) Notwithstanding, Judge Allen noted that the Court is "mindful of Plaintiff's *pro se* status and therefore is indulgent, to a point, of his several untimely filings[.]" (*Id*. at 2.) The Court dismissed the amended complaint without prejudice and directed Plaintiff to submit a "single motion to amend, clearly setting forth all proposed defendants and proposed claims in one proposed pleading" within 60 days. (*Id*. at 4.)

On July 29, 2024, Plaintiff filed a renewed motion to amend and proposed Amended Complaint. (ECF No. 16.) Once again, Judge Allen concluded that "the Court cannot discern any specific claim or cause of action showing that Plaintiff is entitled to relief from any proposed 'party.'" (November 20, 2024 Letter Order at 2, ECF No. 20.) The Court dismissed Plaintiff's motion without prejudice and granted a final opportunity to file a proposed amended Complaint within 30 days "that clearly sets forth specific allegations, proposed defendants, and proposed claims." (*Id*.) Plaintiff timely filed a proposed Second Amended Complaint on December 11, 2024. (SAC., ECF No. 21.)

On January 6, 2025, Judge Allen issued a Report and Recommendation ("R&R") finding that the proposed Second Amended Complaint "fail[ed] to cure the deficiencies noted by Judge

2

Salas in the November 30th Order as well as by this Court in its July 3rd Order and November 20th Order." (R&R at 3, ECF No. 22.) Liberally construing Plaintiff's pleadings, Judge Allen found the allegations contained in Plaintiff's Complaint constituted "a sprawling narrative that again does not clearly set forth the claims Plaintiff is pursuing, against which individuals or entities, and based on what alleged misconduct." (*Id*.) Based on these deficiencies and the "multiple opportunities to cure," Judge Allen recommended this Court dismiss the Second Amended Complaint with prejudice consistent with the November 30, 2023. (*Id*. at 4, citing November 30, 2023 Order ¶ 17.) The parties were advised that they had 14 days to file any objections to the R&R, pursuant to 28 U.S.C. § 636(b)(1), Rule 72(b)(2), and L. Civ. R. 72.1(c)(2). (*Id.*) Neither party filed an objection to the R&R by the January 20, 2025, deadline. On February 7, 2025, this Court, after thoroughly reviewing and carefully considering the R&R and the record in this case, found good cause to adopt Judge Allen's findings and conclusions and dismissed the Second Amended Complaint with prejudice. (*See* February 7, 2025 Order, ECF No. 26.)

On August 18, 2025, Plaintiff moved to reopen, seeking to introduce new evidence to obtain relief from this Court's final order pursuant to Fed. R. Civ. P. 60(b). (*See generally* Pl.'s Mot.)

## II.    **DISCUSSION**

Rule 60(b) allows a party to seek relief from a final judgment under limited circumstances, such as fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *McDaniel v. Occupational Safety and Health Admin*., No. 24-10006, 2025 WL 3707322, at *2 (D.N.J. Dec. 22, 2025). Only in cases "evidencing extraordinary circumstances" will courts grant relief under Rule 60(b). *Edwards v. New Jersey*, No. 22-2396, 2023 WL 3932848, at *2 (D.N.J. June 9, 2023) (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)). Plaintiff's

Motion purports to "give the trial court new evidence that shows matters pertaining to due process violations[.]" (Pl.'s Motion 2.)

Here, notwithstanding a brief mention of new evidence,[3] Plaintiff does not provide sufficient grounds to support a motion under Rule 60 or to invoke any particular subsection of Rule 60. It appears that Plaintiff is attempting impermissibly to use Rule 60 as a substitute for an appeal of this Court's final dismissal of the pleadings. *Shukla v. Richardson*, No. 19-18117, 2025 WL 2458307, at *3 (D.N.J. Aug. 26, 2025) (Plaintiffs may not attempt, through Rule 60(b), to relitigate matters already decided and circumvent the appellate process).

This Court is cognizant of the duty to liberally construe *pro se* pleadings. *Kupersmit v. IRS/CIR*, No. 19-17580, 2021 WL 2322849, at *1 (D.N.J. June 7, 2021). However, even in a favorable light to the Plaintiff, the instant motion provides no basis for this Court to reconsider its prior dismissal. Plaintiff's motion is "cursory and incoherent" as to its basis in procedural law. *Id*. Plaintiff fails to provide "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quotations omitted); *see also Rhett v. New Jersey State Superior Ct.,* 260 F. App'x 513 (3d Cir. 2008) (holding that after district court furnished plaintiff with multiple opportunities to prepare a properly pled complaint, the district court did not abuse its discretion by dismissing the second amended complaint with prejudice and denying leave to file a third amended complaint.)

Moreover, Plaintiff seeks to bring new evidence to ostensibly support the merits of his claims without resolving the fatally deficient nature of the pleadings. (R&R at 4.) This Court finds

---

[3] The Court makes no finding as to the weight of the "new evidence." When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Here, Plaintiff has failed to meet this standard.

no legal error in its ruling, as the record indicates that Plaintiff was afforded numerous opportunities to prevent dismissal with prejudice. (ECF Nos. 7, 13, 14, 20.) Accordingly, Plaintiff's motion is denied.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS** on this 6th day of March 2026,

**ORDERED** that the Clerk of Court shall open this matter for the sole purpose of entering this Memorandum Opinion and Order; it is further

**ORDERED** that Plaintiff's motion to reopen (ECF Nos. 27, 28) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and shall **CLOSE** the file.

JULIEN XAVIER NEALS
United States District Judge

5