**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN KELL FINNEY,<br>Plaintiff,<br>v.<br>HUDSON FARMS, *et al*.,<br>Defendants. | Civil Action No. 23-2537 (JXN)(JSA)<br><br>**MEMORANDUM OPINION** |

**NEALS**, U.S.D.J.

Before the Court are two submissions filed by *pro se* Plaintiff John Kell Finney ("Plaintiff") ("Plaintiff"): (1) a renewed motion for relief from judgment pursuant to Federal Rule of Civil Procedure[1] 60 and for appointment of a special master (ECF No. 30); and (2) a filing styled as a "Verified Omnibus Complaint" and motion for constitutional relief (ECF No. 32). The Court has carefully reviewed Plaintiff's submissions and decides the motions without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motions are **DENIED**.

## I. BACKGROUND

On January 6, 2025, Magistrate Judge Jessica S. Allen ("Judge Allen") issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's Amended Complaint with prejudice, finding that despite multiple opportunities to amend, the Court could not discern Plaintiff's specific claims against the named defendants. (R&R 3, ECF No. 22.) On February 7,

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

2025, this Court adopted the R&R and dismissed this action with prejudice in its entirety. (February 7 Order, ECF No. 26.)

On August 18, 2025, Plaintiff moved pursuant to Rule 60(b) to reopen this matter based on purported newly discovered evidence. (Pl.'s Mot. to Reopen, ECF Nos. 27, 28.) On March 6, 2026, the Court denied the motion, finding that, aside from a brief mention of new evidence, Plaintiff failed to establish grounds for relief under Rule 60. (Mem. Op. & Order 4, ECF No. 29.) The Court reiterated Plaintiff's multiple opportunities to cure his pleading deficiencies before dismissal with prejudice. (*Id*. at 4-5; *see also* ECF Nos. 7, 13, 14, 20.)

Notwithstanding the Court's rulings, on March 26, 2026, Plaintiff filed another motion seeking relief pursuant to Rule 60 and requesting appointment of a special master. (Pl.'s Mot. for Relief, ECF No. 30.) Plaintiff's motion appears to seek relief from a July 7, 2014 child custody order entered in a state-court proceeding, based on purported "newly discovered evidence" and alleged "fraud upon the court." (*Id*. at 2.) Plaintiff asks this Court to restore the parent-child relationship, nullify all New Jersey state court orders, and deprive the state courts of jurisdiction over him. (*Id*. at 9.)

On July 20, 2026, Plaintiff filed an additional submission styled as a "Verified Omnibus Complaint" and motion for constitutional relief. (Pl.'s V. Compl. & Mot., ECF No. 32.) The submission consists of approximately 104 pages, identifies thirty-five (35) proposed defendants—including private individuals, attorneys, law firms, state-court judges, law-enforcement entities, towing companies, and medical professionals—and purports to assert, among other things, claims for conversion, malicious prosecution, defamation, and alleged constitutional violations. (*See generally id*.)

## II. DISCUSSION

Plaintiff's submissions fail to provide a basis for the relief requested.

Rule 60 permits a federal court, under specified circumstances, to grant relief from a final judgment or order. Fed. R. Civ. P. 60(b). Relief under Rule 60 is extraordinary, however, and the Rule is not a substitute for an appeal or a means of repeatedly relitigating matters already decided. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 251, 255 (3d Cir. 2008); *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

Plaintiff's renewed Rule 60 motion fails at the outset. The issues raised in Plaintiff's motion are difficult to follow, however, Plaintiff appears to seek relief from a purported 2014 child custody order entered in state family court, citing alleged "newly discovered evidence" and "fraud upon the court." (Pl.'s Mot. for Relief 2.) Plaintiff asks this Court to restore the parent-child relationship, nullify all NJ court orders, and deprive the state courts of jurisdiction over him. (*Id.* at 9.) Under Rule 60, a court may set aside a judgment for fraud, misrepresentation, or other misconduct by an adversary. Fed. R. Civ. P. 60(b)(3). However, a motion for relief under Rule 60(b)(3) must be made within one year after entry of judgment or order at issue. Fed. R. Civ. P. 60(c). Furthermore, Rule 60(b) does not provide Plaintiff with a procedural vehicle to obtain, in this federal action, relief from state family court order(s).[2] *See Florimonte v. Borough of Dalton*, No. 17-01063, 2017 WL 7542619, at *4 (M.D. Pa. Dec. 14, 2017), *report and recommendation adopted*, No. 17-1063,

---

[2] This Court also notes that it lacks subject-matter jurisdiction over determinations of parental rights and child custody under the *Rooker-Feldman* doctrine. The principle underlying *Rooker-Feldman* is simple: 28 U.S.C. § 1331 "is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments[.]" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 (2002). The Third Circuit has consistently held that the *Rooker-Feldman* doctrine bars suits in federal court when, as here, Plaintiff challenges the judgments of state family courts. *Adamo v. Jones*, Civ. No. 15-1073, 2016 WL 356031, at *7 (D.N.J. Jan. 29, 2016) (internal citations omitted). For *Rooker-Feldman* to apply, the Third Circuit has enumerated four prerequisites that must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). All four requirements are present in this matter.

2018 WL 814004 (M.D. Pa. Feb. 9, 2018), *aff'd*, 735 F. App'x 53 (3d Cir. 2018) (Moreover, Rule 60(b) only authorizes a federal district court to set aside one of its own judgments or orders—it does not authorize it to vacate a state court judgment or order.") *Gochenaur v. Juniata Valley Bank*, No. 17-743, 2017 WL 3405114, at *3 (M.D. Pa. June 22, 2017) ("Rule 60 simply does not provide a vehicle for vacating a state court judgment in federal court....")). Moreover, Plaintiff's reliance on purported newly discovered evidence concerning events underlying family court proceedings provides no basis to disturb this Court's February 7, 2025 dismissal of this action or its March 6, 2026 denial of Plaintiff's prior Rule 60 motion. Further, to the extent Plaintiff again seeks relief from this Court's dismissal with prejudice, his submission identifies no cognizable basis under Rule 60 for such extraordinary relief. The Court therefore denies Plaintiff's renewed Rule 60 motion.

Plaintiff's request for appointment of a special master similarly lacks basis for relief. Appointment of a special master is the exception, not the rule, and requires circumstances not remotely present here. *See Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 991 F.2d 1080, 1084 (3d Cir. 1993). There is no pending proceeding requiring a special master to perform any function contemplated by Rule 53. Accordingly, the Court denies Plaintiff's request to appoint a special master.

Plaintiff's Verified Omnibus Complaint and motion for constitutional relief fare no better. Once final judgment has been entered, a litigant may not simply amend or supplement his complaint; the judgment must first be set aside or vacated pursuant to Rule 59 or Rule 60. See *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002). The Court dismissed this action with prejudice more than a year before Plaintiff filed his new pleading. (*See* February 7 Order; Pl.'s V. Compl. & Mot.) Plaintiff has shown no basis to do so here. Plaintiff's submission asserts numerous

new claims against thirty-five (35) proposed defendants based on events, parties, and legal theories beyond those previously presented. (*Compare* Am. Compl., ECF No. 21 *with* Pl.'s V. Compl. & Mot.) Plaintiff cannot use this closed civil action as a vehicle to commence an entirely new lawsuit.

Finally, district courts have inherent authority to manage their dockets and ensure the orderly, expeditious administration of justice. *See Chipps v. U.S. Dist. Ct. for Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989); *In re Oliver,* 682 F.2d 443, 445–46 (3d Cir. 1982). In appropriate circumstances, this authority includes restricting repetitive, frivolous, or vexatious filings. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Accordingly, the Court may direct that Plaintiff show cause why a filing injunction should not issue if unfounded filings to reopen this finally adjudicated and closed action, relitigate decided matters, or raise unrelated claims persist. *See Brow*, 994 F.2d at 1038; *Chipps*, 882 F.2d at 73.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's renewed motion for relief from judgment and for appointment of a special master (ECF No. 30), and "Verified Omnibus Complaint" and motion for constitutional relief (ECF No. 32) are **DENIED**. This matter shall remain **CLOSED**. An appropriate Order follows.

**DATED**: 10/29/2026



**JULIEN XAVIER NEALS**
**United States District Judge**